UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BARBARA LEE MCCLOSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:21-CV-56-SPM |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Acting Commissioner Kilolo Kijakazi's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 24). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10).

On April 12, 2021, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). The Commissioner filed her answer and the transcript of the administrative proceedings on August 18, 2021. (Docs. 13, 14). Plaintiff filed a brief in support of the complaint on December 17, 2021. (Doc. 19).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On March 1, 2022, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in her motion that upon review of the case, the agency determined that remand was necessary for further evaluation of Plaintiff's claim.

On March 14, 2022, Plaintiff filed a response stating that she has no objection to the motion but also requesting that the claim be remanded with instructions to offer Plaintiff the opportunity for another hearing, pursuant to Agency policy. (Doc. 25).

On March 21, 2022, the Commissioner filed a reply stating that she has no objection to the request, and that she modified the motion to remand to include that the agency would offer Plaintiff the opportunity for a new hearing. (Doc. 27). The Commissioner states that upon remand, the ALJ will be instructed to update the medical evidence as needed to complete the administrative record, assess Plaintiff's residual functional capacity, obtain vocational expert testimony if warranted, take any other action as necessary, and issue a new decision. The Commissioner further states that Plaintiff will be afforded the opportunity to submit additional evidence and that the agency will offer Plaintiff the opportunity for a new hearing.

Upon review of the record, the Court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand (Doc. 24) is **GRANTED**.

2

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of March, 2022.